Robert J. Gaudet, Jr. (admitted *pro hac vice*)
robert@rjgaudet.com
RJ GAUDET & ASSOCIATES LLC
800 Fifth Avenue, Suite 4100
Seattle, WA  98104
Tel.: (206) 855-6679
Fax: (866) 333-1484

ANNE MARIE HEALY  (SBN: 200711)
anne@healyassociates.com
HEALY & ASSOCIATES
1109 North Broadway
Santa Ana, CA  92701
Tel.: (714) 442-1522
Fax: (855) 442-1522

Lawyers for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEUN VAN RIEL HORSE SUPPLEMENTS, et. al.<br><br>    Plaintiffs,<br><br>    v.<br><br>JUAN AYORA, et. al.<br><br>    Defendants.<br>_____ | **Case No.: 8:12-CV-01496-JVS**<br><br>**STIPULATED JUDGMENT AND ORDER** |

    1.    Plaintiffs Teun van Riel Horse Supplements, Equine Industry B.V., and Teun van Riel (collectively "Plaintiffs") commenced this action by filing the Complaint followed by a First Amended Complaint and a Second Amended

– 1 –
**STIPULATED JUDGMENT AND ORDER**

Complaint. Defendants Juan Ayora and Ayora LLC (collectively, "Defendants") were served with the Complaint and summons, the First Amended Complaint, and the Second Amended Complaint. Plaintiffs are represented by the lawyers whose names appear on the caption page; and the parties agree to settlement of this action. Defendants admit to liability for the violations alleged in the Second Amended Complaint.

## RECITALS

2. *Whereas*, this Court has jurisdiction of the subject matter of the case and of the parties pursuant to 28 U.S.C. §§ 1331 and 1332;

3. *Whereas*, on September 7, 2012, Plaintiffs commenced this action by filing its Complaint followed by a First Amended Complaint filed on March 11, 2013 and a Second Amended Complaint filed on August 7, 2013 and Defendants did not file an Answer;

4. *Whereas*, the Second Amended Complaint states claims upon which relief may be granted against the Defendants under breach of contract; RICO, 18 U.S.C. § 1962; California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*; and breach of fiduciary duty;

5. *Whereas*, the activities of the Defendants as alleged in the Second Amended Complaint are or were in or affecting interstate commerce. They used instrumentalities of interstate commerce or the mail to purchase, sell or distribute the goods of Plaintiffs;

6. *Whereas*, Defendants admit they committed breach of contract; violated RICO, 18 U.S.C. § 1962; violated California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*; and committed breach of fiduciary duty in that they (ad) did not pay Plaintiffs for all goods received, (b) did not fulfill their promises to make Plaintiffs' goods number one in North America, (c) sold a trailer containing Plaintiff's goods without compensating Plaintiffs, (d) accepted benefits from other parties while

serving as Plaintiffs' agents, (e) cooperated with Plaintiff's competitors who engaged in unfair practices, (f) did not sufficiently inform Plaintiffs of their misconduct or dealings with competitors, (g) collaborated with Deirdre Seeds, Erin Seeds (now known as Erin Ray), Ernest "Nick" Collins, Michael Endicott, Rudolph Leone to the detriment of Plaintiffs; and (h) gave unpaid Kingsland goods to Jill Humphrey, Erin Seeds, and others to the detriment of Plaintiffs;

7. *Whereas*, Ayora admits that he collaborated with Erin Seeds (now known as Erin Ray) to move Plaintiffs' goods into the garage of Deirdre Seeds; that Erin Seeds lived in the home of Deirdre Seeds and was able to watch over the goods and view them coming and going but did not take inventory of all of the goods that left; that Erin Seeds assisted Juan Ayora in moving the goods into the garage and in selling them; and that, when Plaintiffs sold their inventory to Deirdre Seeds, Ayora observed that Erin Seeds withheld some of the inventory from the accounting by keeping boxes of inventory in her room;

8. *Whereas*, Ayora admits that he collaborated with Deirdre Seeds in moving Plaintiffs' merchandise into her garage; that her garage was not well-suited to hold Plaintiffs' merchandise; that Deirdre Seeds agreed to allow Ayora to move Plaintiffs' goods into her garage; that Deirdre Seeds previously expressed her interest to Juan Ayora in becoming a distributor of horse riding equipment; that Plaintiffs were not aware of the transfer of goods to Deirdre Seeds's garage at the time it occurred, nor did they give their consent to the transfer; that Deirdre Seeds and Erin Seeds both subsequently barred Ayora from entering the property or gaining access to the goods or inventory; that the Seeds gained control over the inventory before they purchased it from Plaintiffs; that Juan Ayora had previously travelled to the Netherlands on the same flight with Erin Seeds to meet with Plaintiff Teun van Riel; and that the purpose of the trip to the Netherlands was for Erin Seeds to learn more about the Kingsland distribution business;

9. *Whereas*, Juan Ayora admits that Rudolph Leone advised him to get out of the business of selling and distributing Kingsland merchandise and advised him, instead, to focus on a different business regarding the selling of boots; and that Ayora subsequently employed a relative of Leone;

10. *Whereas*, Ayora admits that the Kingsland goods inside the trailer sold by Juan Ayora, with the knowledge and consent of Lisa Sweet, to other parties were worth $199,000 or more in value; that those goods belonged to Plaintiffs; that Ayora sold the trailer with goods to Michael Endicott and Ernest "Nick" Collins who were business associates of Tal Goldstein for their common use and benefit;

11. *Whereas*, Ayora admits that the profits that Plaintiffs could have attained in North America, if Plaintiffs had not lost the distributorship of Kingsland products, were in the millions of dollars; and that he and Ayora LLC owed Plaintiffs the amount of $67,921 (converted from the figure of 43,694 Euros) in unpaid invoices;

12. *Whereas*, Defendants enter into this Stipulated Judgment and Order freely and without coercion. Defendants further acknowledge they have read the provisions of this Stipulated Judgment and Order and are prepared to abide by them;

13. *Whereas*, Defendants waive all rights to seek appellate review of, or otherwise challenge or contest the validity of, this Order;

14. *Whereas*, Defendants agree that, in the event Defendants fail to comply with this Order, they shall pay be liable for all costs and attorney's fees incurred by Plaintiffs to seek enforcement, compliance, and/or any other remedy;

15. *Whereas*, Plaintiffs agree to release all claims in the pending litigation, or arising from the pending litigation, which do or may exist, against Juan Ayora and Ayora LLC in exchange for Ayora and Ayora LLC's compliance with the terms of this Order;

16. **NOW, THEREFORE**, on the joint motion of the parties, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

## ORDER

17.  **IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that judgment is hereby entered against Defendants in the amount of $150,000 for actual damages including but not limited to restitution, disgorgement, and/or compensatory damages.

18.  **IT IS FURTHER ORDERED** that Defendants shall pay to the Plaintiffs the sum of $67,921 which shall consist of the following payments, each of which shall be made on or before the date indicated into the Plaintiffs' attorney's designated bank account or any other account designated by Plaintiffs' attorney:

    (i) a payment of $5,000 to be made no later than January 15, 2015;

    (ii) a payment of $500 to be made no later than February 15, 2015 and each month thereafter, on a date no later than the fifteenth of each month, until and including December 15, 2015;

    (iii) a payment of $750 to be made no later than January 15, 2016 and each month thereafter, on a date no later than the fifteen of each month, until and including December 15, 2016;

    (iv) a payment of $1,000 to be made no later than January 15, 2017 and each month thereafter, on a date no later than the fifteenth of each month, until and including December 15, 2017;

    (v) a payment of $1,500 to be made no later than January 15, 2018 and each month thereafter, on a date no later than the fifteenth of each month, until and including December 15, 2019; and

    (vi) a payment of $421 to be made no later than January 15, 2020 such that the entire sum of $67,921 is paid off in its entirety.

19.  In the event the payments noted in Paragraph 18 are timely made in full satisfaction of the amount of $67,921, Plaintiffs shall take such action as may be

necessary to file a satisfaction of judgment with the Court so that the case against Defendants Juan Ayora and Ayora LLC may be formally closed. "Timely made" shall mean each payment shall be received in any account designated by Plaintiffs' attorney no later than the 15th calendar day of each month. If any payment required by Paragraph 18 is not so received, Plaintiffs shall give notice to Defendants via email at jf.1@juanfernandoimages.com and/or ayoraphotography@gmail.com of the default in payment. Defendants shall then have five calendar days following the notice to cure the default in payment and deliver payment to the Plaintiffs' attorney's bank account or other such account as may be designated by the Plaintiffs' attorney. If the 5th calendar day is a weekend day or a United States Postal Service holiday, then payment shall be received no later than the next business day.

20. Any funds paid pursuant to this Order shall be paid into Plaintiffs' attorney's bank account, as follows, in the form of a wire transfer or direct deposit unless Plaintiffs' attorney gives notice that payment should be made into a different bank account: RJ Gaudet & Associates, LLC, Wells Fargo account number 2756409898, routing number 125008547, and Swift code WFBIUS6S.

21. Defendants shall cooperate fully with Plaintiffs and their agents in all attempts to collect the amount due pursuant to Paragraph 17 if the Defendants fail to pay fully and timely the amounts due at the times specified herein. In case of such an event of default, Defendants agree to provide Plaintiffs with their federal and state tax returns for the preceding two years.

22. Defendants shall provide at all times to Plaintiffs' attorney, within two weeks of any move to a new address, complete and up-to-date address and contact information including any new residential and/or business address.

23. Plaintiff agrees not to execute on the judgment described in Paragraph 17 as long as Defendants are not in default on any payments required by Paragraph 18.

– 6 –
**STIPULATED JUDGMENT AND ORDER**

24. In the event of default on the payments required to be timely made by Paragraph 18, the entire unpaid amount of the $150,000 judgment and interest computed under 28 U.S.C. § 1961 – accrued from the date of the first untimely or missed payment until the day of payment – shall be immediately due and payable. In such event, Plaintiff at its sole option and discretion may move the Court for relief or otherwise take action to enforce this judgment and make collection on the unpaid amount of the $150,000 judgment. Defendants agree that, in the event of default on any payment required to be timely made by Paragraph 18, the facts as alleged in the Second Amended Complaint filed in this action shall be taken as true in any subsequent proceeding or in subsequent litigation filed by Plaintiffs to enforce their rights pursuant to this Order, including but not limited to, a nondischargeability complaint in any subsequent bankruptcy proceeding. In the event of default on any payment required to be made by Paragraph 18, Defendants shall be liable for all costs and attorney's fees expended by Plaintiffs to enforce this Order.

24. In the event that any provision of this Order is held to be unenforceable due to public policy or for any other reason, that provision shall be treated as a severed provision and the remaining provisions in this Order shall remain enforceable in full.

25. Defendants are hereby required within the next three days, unless they have already done so, to immediately furnish to Plaintiffs their taxpayer identifying numbers (including Social Security numbers or employer identification numbers), including a copy of Defendant Ayora's Social Security Card, which shall be used for purposes of collecting and enforcement in the event of any default.

26. Defendant Ayora shall immediately within the next three days, if he has not already done so, provide Plaintiffs with clear, legible, and full-size photocopies of all valid driver's licenses and passports he possesses, which will be used for collection and compliance in the event of default.

27. Defendant Ayora shall immediately within the next three days, if he has not already done so, provide Plaintiffs with his residential address including, if different, any permanent residential address.

28. **IT IS FURTHER ORDERED** that Ayora shall immediately issue, if he has not already done so, a signed apology to Plaintiffs which he agrees to sign and which states as follows:

> "To Whom It May Concern:
>
> I apologize to Teun van Riel, Bas van Riel, their colleagues and employees, the Kingsland headquarters, and any customers to whom I caused injury during the time in which my former wife, Lisa Sweet (now known as Lisa Sahkul), and I distributed Kingsland products in North America. I regret our actions.
>
> Sincerely,
> _____
> Juan Ayora"

29. **IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes, including the purpose of enabling the parties to apply to the Court at any time for such further orders and directions as may be necessary or appropriate for the interpretation, modification, or enforcement of this Order, or for the punishment of violations thereof.

### STIPULATION OF THE PARTIES

30. The parties agree and stipulate to the entry of the foregoing Order as a Final Judgment in this action which they approve as to form and content.

FOR THE PLAINTIFFS:                              FOR THE DEFENDANTS:


_____                              _____

Teun van Riel                                     Juan Ayora

**IT IS SO ORDERED**, this 20th day of October, 2014.

_____
HONORABLE JAMES V. SELNA
United States District Judge