UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEUN VAN RIEL HORSE SUPPLEMENTS, et al., | CASE NO: |
| | SACV 12-1496 JVS (ANx) |
| Plaintiffs, | |
| | |
| v. | **AMENDED DEFAULT** |
| | **JUDGMENT** |
| JUAN AYORA, et al., | |
| Defendants. | |

**AMENDED DEFAULT JUDGMENT**

This matter came before the Court on Plaintiffs' second motion for a default judgment brought by Teun van Riel, Teun van Riel Horse Supplements, and

1

Equine Industry B.V. against Defendants Tal Goldstein (Goldstein) and Lisa Sahkul (AKA Lisa Sweet), as supported by affidavits and supplementary materials on damages and pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. After having considered the arguments, authorities, and supplemental briefing on damages submitted by the Plaintiffs, the Court finds as follows:

1. A default was entered by the Clerk of the Court against Defendant Tal Goldstein on February 5, 2014 with respect to the Second Amended Complaint.

2. A default was entered by the Clerk of the Court against Defendant Lisa Sahkul (AKA Lisa Sweet) on February 5, 2014 with respect to the Second Amended Complaint.

3. Defendants are not minors, incompetent persons, or members of the military service of the United States.

4. Defendants have not appeared or otherwise defended in this action.

5. Plaintiffs issued notice to Defendants more than seven days before filing Plaintiffs' second motions for default judgment against Defendants.

6. Defendants have not responded to the Complaint, First Amended Complaint, Second Amended Complaint, or motions for default in this action.

7. Defendants are aware of this action and gave deposition testimony related to this action but have never appeared in Court, personally or by a representative.

8. Goldstein responded to Plaintiffs' counsel's requests to meet and confer regarding default judgment by evading meetings that had been scheduled with Plaintiffs' counsel and by making threats to Plaintiffs' business.

9. Plaintiffs' counsel notified Goldstein and Sahkul of Plaintiffs' intentions to

2

1  pursue the entrance of default judgment. Default was not due to excusable neglect.

2      10. Defendants Goldstein and Sahkul participated in a conspiracy to deprive

3  Plaintiffs of a distributorship in North America, breached their respective contracts

4  with Plaintiffs, and violated the California Unfair Competition Law. Defendant

5  Sahkul breached her fiduciary duties to Plaintiffs.

6      11. Defendants Goldstein and Sahkul violated civil RICO, 18 U.S.C. §

7  1962(c). Sahkul used the mails and wires in a scheme to defraud van Riel and with

8  specific intent to defraud van Riel. Goldstein participated in the conspiracy by

9  committing commercial bribery pursuant to Cal. Penal Code § 641.3 and by

10 withholding information from Plaintiffs in violation of Cal. Civil Code § 1572.

11     12. Defendants participated in an "associated-in-fact enterprise." They

12 shared a common purpose of causing injury to Plaintiffs' business. They worked

13 within an ongoing organization as a vehicle for the commission of two or more

14 predicate crimes. Defendants acted in a series of events during 2008 and 2009.

15     13. Van Riel had a written contract with Defendants Sahkul and Juan Ayora

16 who agreed to serve as sales agents of van Riel in exchange for commissions on

17 sales. The contract required Sahkul and Ayora to promote the Kingsland and Trust

18 brand equestrian products, to make Kingsland the "number 1" brand in North

19 America within three years, to keep proper inventory and accounting records, and

20 to pay van Riel for the base cost of the merchandise. Sahkul breached the contract

21 by, among other things, failing to pay for the merchandise, by placing goods on

22 consignment, and by failing to maintain proper inventory and accounting records.

23     14. Goldstein entered into a contract on behalf of himself and his company

24

25                                        3

to make a payment of $8,000 and a share of profits to van Riel for the Kingsland merchandise. Plaintiffs were not paid pursuant to this contract.

15. Goldstein and Sahkul violated the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200. Sahkul wrongfully took tens of thousands of dollars of merchandise without compensating Plaintiffs. Goldstein took Plaintiffs' merchandise, resold it without compensating Plaintiffs, and made disparaging comments about Plaintiffs' business in an attempt to eliminate a competitor.

16. Sahkul owed fiduciary duties to Plaintiffs as a result of her agreement with Plaintiffs, and she breached those duties by failing to properly safeguard merchandise, account for inventory, pay van Riel, safeguard van Riel's client list, and protect the goodwill and reputation of the Kingsland brand.

17. Plaintiffs have made the required showing to justify their estimated damages. The estimates provided in a declaration by Eddie Mosselman, an employee of Equine Industry B.V., are particularly likely to be accurate as they are based in part on detailed estimates provided by Goldstein in a deposition related to this litigation.

18. Defendants cannot object to Plaintiffs' estimates of lost future profits damages as speculative in a default judgment context because Plaintiffs' losses were directly caused in part by Defendants' conduct.

19. Based on the foregoing, the Plaintiffs are entitled to an award of $8,629,200 in damages. These damages consist of (a) $240,000 in restitution, (b) $2,800,000 million in lost net profits over eight years, trebled under civil RICO to reach the amount of $8,400,000, and (c) a deduction of $10,800 to account for

4

1    settlement funds already received by Plaintiffs.

2        20. Plaintiffs are also entitled to $176,184 in attorney's fees pursuant to

3    Local Rule 55-3, calculated as $5,600 plus 2 percent of the amount of damages

4    over $100,000.

5

6        Therefore, it is hereby ORDERED, ADJUDGED, and DECREED that

7    Plaintiffs Teun Van Riel, Teun Van Riel Horse Supplements, and Equine Industry

8    B.V., recover of the Defendants, Tal Goldstein and Lisa Sahkul (AKA Lisa Sweet),

9    the sum of $8,805,384, plus costs and interest according to law from the date of

10   this judgment until the entire amount is paid.

11

12

13

14   DATED: February 24, 2015

15                                    JAMES V. SELNA

16                                    UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25                                   5