1
2
3
4
5
6
7
8  **UNITED STATES DISTRICT COURT**
9  **CENTRAL DISTRICT OF CALIFORNIA**
10
11 TEUN VAN RIEL HORSE SUPPLEMENTS, et al.    Case Number: 8:12-CV-01496-JVS
12
13         Plaintiffs,                       **JUDGMENT**
14
15         v.
16 JUAN AYORA, et al.,
17         Defendants
18
19
20                **JUDGMENT**
21
     This matter came before the Court on Plaintiffs' motion to enforce the
22
   settlement agreement between Plaintiffs Teun van Riel, Teun van Riel Horse
23
   Supplements, and Equine Industry B.V. and Defendants Rudolph ("Rudy") Leone,
24
   Leone Equestrians, Inc., and Jill Humphrey (collectively, "Defendants"), as
25
   supported by Plaintiffs' memorandum of law, declarations, oral argument,
26
   spreadsheet calculating compound monthly interest, and a supplemental
27
28

[Proposed] Judgment                              RJ Gaudet & Associates LLC
                                                 800 Fifth Avenue, Suite 4100
                                                 Seattle, WA 98104
                                                 Telephone: (206) 855-6679

-1-

declaration.  After having considered the pleadings, arguments, authorities, declarations, spreadsheet, and supplemental declaration that were submitted by Plaintiffs, the Court finds as follows:

  1. Plaintiffs sell horse supplements and equestrian apparel.  In September 2012, Plaintiffs sued Defendants for allegedly taking their merchandise without making payment, conspiring with other defendants to destroy Plaintiffs' business in North America, bribing Plaintiffs' main agent to quit the business and work with themselves, and causing the termination of Plaintiffs' distributorship of a popular brand of equestrian clothing in North America.

  2. In their Second Amended Complaint (Document 61), Plaintiffs alleged Defendants: violated civil RICO, 18 U.S.C. § 1962(c) and committed the predicate act of commercial bribery in violation of Cal. Penal Code § 641.3 (¶¶ 492, 499); committed negligence by taking tens of thousands of dollars for Plaintiffs' merchandise, withholding information, advising Plaintiffs' agent to form a partnership with rivals, violating Cal. Civil Code §§ 1708 and 1714, and receiving payment for Plaintiffs' merchandise (¶¶ 308, 314-316); negligently interfered with prospective economic advantage by causing Plaintiffs' agent to perpetrate fraud (¶¶ 326, 328-330, 333); intentionally interfered with Plaintiffs' contract with their agents and committed constructive fraud in violation of Cal. Civil Code § 1572 (¶¶ 336-339, 341-343); converted Plaintiffs' property and committed fraud (¶¶ 350, 356); conspired with Plaintiffs' agent to breach the covenant of good faith and fair dealing and committed fraud (¶¶ 374-377); breached Unfair Competition Law, Bus. & Prof. Code § 17200, et seq (¶¶ 385, 387, 389); committed common law fraud (¶¶ 402-404); committed promissory fraud (¶ 411); committed fraudulent and intentional concealment (¶¶ 427-432); took money had and received (¶¶ 444 - 445); made negligent misrepresentations (¶

[Proposed] Judgment

462); interfered with prospective economic advantage (¶¶ 466-467, 474); aided and abetted breach of fiduciary duties (¶ 483); and received goods and services rendered (¶ 486).

3. Defendants never made an appearance in this action or contested Plaintiffs' allegations in the Second Amended Complaint, First Amended Complaint, or Complaint. On February 5, 2014, the Clerk of the Court entered a default on liability against Defendants.

4. In June 2014, Plaintiffs and Defendants reached a settlement agreement under which Plaintiffs agreed to dismiss Defendants from the action. Defendants sought legal advice on the terms of the settlement agreement before they signed it.

5. Pursuant to the settlement agreement, Plaintiffs dismissed the Defendants from the action. On July 10, 2014, the Court entered an Order dismissing claims against Defendants but retaining jurisdiction to enforce the terms of the settlement agreement.

6. Under the settlement agreement, Defendants were required to pay $25,000 to Plaintiffs in four monthly installments: $10,000 due on July 25, 2014, and $5,000 due monthly until paid in full on October 24, 2014.

7. The settlement agreement also provided that, if Defendants fail to make timely payment, interest on missed payments would accrue at a compound rate of 10% per month and that Defendants would consent to a judgment against them for any unpaid amounts, compound monthly interest at 10% per month, and any reasonable attorney's fees incurred by Plaintiffs in seeking default and enforcing judgment on unpaid amounts.

[Proposed] Judgment

RJ Gaudet & Associates LLC
800 Fifth Avenue, Suite 4100
Seattle, WA 98104
Telephone: (206) 855-6679

-3-

8.    Despite the terms of the settlement agreement, Defendants did not make a single payment to Plaintiffs. Defendants have engaged in obstructionist tactics from the start.

Therefore, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiffs Teun Van Riel, Teun Van Riel Horse Supplements, and Equine Industry B.V., recover of the Defendants Rudolph ("Rudy") Leone, Leone Equestrians, Inc., and Jill Humphrey, who are each jointly and severally liable for the full amount of judgment, the amount under the settlement agreement plus compounded interest which, as of July 18, 2016, is in the amount of $208,182.39; monthly compound interest at the rate of 10% per month from July 18, 2016 until the entire amount is paid; attorney's fees which of $47,880; and reasonable attorney's fees and costs incurred in seeking relief and enforcing judgment.

IT IS SO ORDERED this 26th day of October, 2016.

_____
Hon. James V. Selna
United States District Judge